**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4815**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

    v.

ROBERTO SOBEYANIS-SANCHEZ,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    James C. Dever III, District Judge.  (5:10-cr-00274-D-4)

Submitted:  March 7, 2012              Decided:  March 28, 2012

Before SHEDD, KEENAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Rafael Rodriguez, LAW OFFICES OF J. RAFAEL RODRIGUEZ, Miami, Florida, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Sobeyanis-Sanchez pleaded guilty to distribution of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a) (2006), and illegally entering the United States, in violation of 8 U.S.C. § 1325(a) (2006). The district court sentenced Sobeyanis-Sanchez to seventy-six months of imprisonment and he now appeals.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

Moreover, in reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has

2

been committed." Id. at 631 (internal quotation marks and citation omitted).

Under the Guidelines, a defendant who is only a "minor participant" in criminal activity is eligible for a two-level reduction in offense level. U.S. Sentencing Guidelines Manual ("USSG") § 3B1.2(b) (2011). This applies to a defendant who is "substantially less culpable than the average participant," "but whose role could not be described as minimal." USSG § 3B1.2(b), cmt. n.3(A) & n.5. In deciding whether the defendant played a minor role, the "critical inquiry is thus not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (noting that court must measure the defendant's individual acts and relative culpability against the elements of the offense) (citations omitted). The defendant has the burden of showing by a preponderance of the evidence that he played a minor role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). We have thoroughly reviewed the record and conclude that the district court did not clearly err in denying a minor role adjustment in offense level.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED